
JUDGE HOLWELL

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

HAYDEE SANTANA,

                         Plaintiff,

-against-

CITY OF NEW YORK, and JOHN and JANE DOE 1
Through 10, individually and in their official capacities
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                         Defendants

----------------------------------------------------------------X

08 CV 7082

COMPLAINT

Index No.:

Jury Trial Demanded



      Plaintiff HAYDEE SANTANA, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows.

### PRELIMINARY STATEMENT

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

      2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

      4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff HAYDEE SANTANA is a female citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said

defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On June 5, 2007, at approximately 8:15 p.m., plaintiff HAYDEE SANTANA was lawfully present in the New York City Police Department 33rd Precinct stationhouse, located at 2207 Amsterdam Ave., New York, New York, for the purpose of inquiring about the status of her nephew, whom she had been advised was under arrest inside the 33rd precinct.

14. Over the course of approximately the next hour, Ms. Santana asked several police officers for assistance, but she was repeatedly ignored or blown off. When she finally approached one of the defendants, a uniformed NYPD officer, to ask if he could merely take her phone number to her nephew's arresting officer, the officer approached plaintiff and grabbed her left arm very tightly. When Ms. Santana advised the officer that he was causing her pain, and that she did not do anything wrong, the officer pulled her left arm behind her back and put handcuffs on in an extremely tight manner. Another defendant grabbed plaintiff's right arm and pulled it behind her back, also squeezing the handcuffs very tight. Ms. Santana continued to advise the officers of the extreme pain that she was experiencing. Instead of loosening the cuffs, Ms. Santana was dragged to and roughly thrown into a jail cell, where she remained for an extended period of time with the severely over tight cuffs on her wrists.

15. Ms. Santana was eventually issued a summons charging her with committing the purported violation of "Disorderly Conduct", and thereby compelled to return to New York City Criminal Court to defend the baseless charge. The summons was dismissed and sealed after Ms. Santana appeared in Court on or about August 13, 2007.

16. All of the above occurred while other NYPD officers witnessed and failed to

intervene in the illegal conduct described herein.

17. As a result of the foregoing, plaintiff HAYDEE SANTANA sustained, *inter alia*, physical injuries, emotional distresses, embarrassment, and humiliation, and deprivation of her liberty and constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

18. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" with the same force and effect as if fully set forth herein.

19. All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

20. All of the aforementioned acts deprived plaintiff HAYDEE SANTANA of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth and Fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. §1983.

21. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

23. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff HAYDEE SANTANA'S constitutional rights.

26. As a result of the aforementioned conduct of defendants, plaintiff HAYDEE SANTANA was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest 42 U.S.C. § 1983)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. Defendants intentionally confined the plaintiff, handcuffed her, and held her in a jail cell.

29. The false arrest of the plaintiff violated her amendment Fourth and Fourteenth Amendment rights

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. Defendants maliciously issued criminal process against plaintiff HAYDEE SANTANA by issuing a summons that compelled her appearance in Criminal Court.

32. Defendants caused plaintiff HAYDEE SANTANA to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants initiated, commenced and continued a malicious prosecution against plaintiff HAYDEE SANTANA.

35. Defendants caused plaintiff HAYDEE SANTANA to be prosecuted without any probable cause until the charges were dismissed on or about August 13, 2007.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants had an affirmative duty to intervene on behalf of plaintiff HAYDEE SANTANA, whose constitutional rights were being violated in their presence by other officers.

38. The defendants failed to intervene to prevent the unlawful conduct described herein.

39. As a result of the foregoing, plaintiff HAYDEE SANTANA'S liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause. Further, plaintiff sustained severe and permanent physical injuries.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force, and then charging the victim with a violation of the Penal Law to cover up the acts of brutality. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff HAYDEE SANTANA'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff HAYDEE SANTANA.

44.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff HAYDEE SANTANA as alleged

7

herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff HAYDEE SANTANA as alleged herein.

46. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff HAYDEE SANTANA was unlawfully seized, beaten, detained, incarcerated, prosecuted, and subjected to physical abuse.

47. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff HAYDEE SANTANA'S constitutional rights.

48. All of the foregoing acts by defendants deprived plaintiff HAYDEE SANTANA of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from malicious abuse of process;

    D.    To be free from false imprisonment/arrest;

    E.    To receive equal protection under law; and

    F.    To be free from the use of excessive force and/or the failure to intervene.

49. As a result of the foregoing, plaintiff HAYDEE SANTANA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

52. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

53. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

54. Plaintiff has complained with all conditions precedent to maintaining the instant action.

55. Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. As a result of the foregoing, plaintiff HAYDEE SANTANA was placed in apprehension of imminent harmful and offensive bodily contact.

58. As a result of defendant's conduct, plaintiff HAYDEE SANTANA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants made offensive contact with plaintiff without privilege or consent.

61. As a result of defendant's conduct, plaintiff HAYDEE SANTANA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

62. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

64. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

65. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

66. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff HAYDEE SANTANA.

67. As a result of the aforementioned conduct, plaintiff HAYDEE SANTANA suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants seized the plaintiff, handcuffed her, and intentionally confined her in a jail cell in the absence of probable cause.

70. As a result of the aforementioned conduct, plaintiff HAYDEE SANTANA was unlawfully imprisoned in violation of the laws of the State of New York.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants maliciously issued criminal process against plaintiff HAYDEE SANTANA by issuing a summons that compelled her appearance in Criminal Court.

73. Defendants caused plaintiff HAYDEE SANTANA to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Defendants initiated, commenced and continued a malicious prosecution against plaintiff HAYDEE SANTANA.

76. Defendants caused plaintiff HAYDEE SANTANA to be prosecuted without any probable cause until the charges were dismissed on or about August 13, 2007.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

77.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff HAYDEE SANTANA.

79.     Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

80.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff HAYDEE SANTANA.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

82.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

86. As a result of the foregoing, plaintiff HAYDEE SANTANA is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE**, plaintiff HAYDEE SANTANA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
August 5, 2008

> LEVENTHAL & KLEIN, LLP
> 45 Main St., Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
> BRETT H. KLEIN (BK4744)
>
> Attorney for Plaintiff HAYDEE SANTANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X

HAYDEE SANTANA,

Plaintiff,

-against-

CITY OF NEW YORK, and JOHN AND JANE DOES 1 Through10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants,

----------------------------------------------------------------------------X

**COMPLAINT**

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff HAYDEE SANTANA
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100